FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 19, 2016

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

JESSICA HANSEN, a/k/a
Connor Swan,

           Plaintiff,

           v.

CAROLYN W. COLVIN,
Commissioner of Social Security,

           Defendant.

No. 1:15-CV-03131-JTR

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY
JUDGMENT

    **BEFORE THE COURT** are cross-Motions for Summary Judgment.  ECF No. 18, 26.  Attorney D. James Tree represents Jessica Hansen, a/k/a Connor Swan (Plaintiff); Special Assistant United States Attorney Tina R. Saladino represents the Commissioner of Social Security (Defendant).  The parties have consented to proceed before a magistrate judge.  ECF No. 7.  After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

## JURISDICTION

    Plaintiff filed applications for Supplemental Security Income (SSI) and

ORDER GRANTING PLAINTIFF'S MOTION . . . - 1

Disability Insurance Benefits (DIB) on September 8, 2010, alleging disability since June 26, 2009, due to bipolar disorder, attention deficit disorder, back pain, knee pain, and depression.  Tr. 192-199, 213, 221.   The applications were denied initially and upon reconsideration.  Tr. 126-134, 136-148.  Administrative Law Judge (ALJ) James W. Sherry held a hearing on June 29, 2012, and heard testimony from Plaintiff's partner, Terry Swan, and vocational expert, Daniel McKinney.  Tr. 65-91.  The ALJ did not take testimony from Plaintiff; however, Plaintiff was represented by an attorney.  Tr. 67-68.  The ALJ issued an unfavorable decision on September 13, 2012.  Tr. 44-59.  The Appeals Council denied review on May 26, 2015.  Tr. 1-7.  The ALJ's September 13, 2012, decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g).  Plaintiff filed this action for judicial review on June 28, 2015.  ECF No. 1, 4.

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties.  They are only briefly summarized here.

Plaintiff was 35 years old at the alleged date of onset.  Tr. 192.  Plaintiff completed two years of college in 2010.  Tr. 214.  He has work history as a cook, cashier, trailer attendant, and truck driver.  *Id*.  He reported that he stopped working on June 26, 2009, due to his condition.  Tr. 213.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The Court reviews the ALJ's determinations of law de novo, deferring to a reasonable interpretation of the statutes.  *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).  The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error.  *Tackett v.*

ORDER GRANTING PLAINTIFF'S MOTION . . . - 2

*Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance.  *Id*. at 1098.  Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ.  *Tackett*, 180 F.3d at 1097.  Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.  *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).  If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled.  20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987).  In steps one through four, the burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits.  *Tackett*, 180 F.3d at 1098-1099.  This burden is met once the claimant establishes that physical or mental impairments prevent him from engaging in his previous occupations.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).  If the claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work, and (2) specific jobs exist in the national economy which the claimant can perform.  *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004).  If the claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

**ADMINISTRATIVE DECISION**

On September 13, 2012, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since June 26, 2009, the alleged date of onset.  Tr. 46.

At step two, the ALJ determined Plaintiff had the following severe impairments:  lumbar spondylosis with central canal stenosis; mild right knee degenerative joint disease; obesity; intermittent explosive disorder; depressive disorder, not otherwise specified; personality disorder; cocaine dependence, in remission.  Tr. 46.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments.  Tr. 47.

At step four, the ALJ assessed Plaintiff's residual function capacity and determined he could perform a range of light work with the following limitations:

> [H]e requires the ability to change positions every 30-60 minutes; he can never climb ladders, ropes, or scaffolds; he can frequently balance; he can occasionally stoop, crouch, kneel, crawl, or climb ramps or stairs; he can frequently balance; he must avoid concentrated exposure to excessive vibration, unprotected heights, and the use of moving machinery; he can perform simple, routine, and repetitive tasks as well as some well-learned multi-step tasks; he can perform occasional decision making; he can occasionally have changes in the work setting; he cannot perform work with fast-pace production requirements; he can have superficial contact with the general public, coworkers, and supervisors, but he cannot work in close cooperation or coordination with others; he is limited to a small group setting.

Tr. 48.  The ALJ identified Plaintiff's past relevant work as sorter and cashier II and found that Plaintiff was able to perform all his past relevant work.  Tr. 57.

In the alternative to the above step four determination, the ALJ determined

1   at step five that, considering Plaintiff's age, education, work experience and

2   residual functional capacity, and based on the testimony of the vocational expert,

3   there were other jobs that exist in significant numbers in the national economy

4   Plaintiff could perform, including the jobs of small parts and products inspector

5   and hand packers and packagers.  Tr. 58.  The ALJ concluded Plaintiff was not

6   under a disability within the meaning of the Social Security Act at any time from

7   the alleged date of onset, June 26, 2009, through the date of the ALJ's decision,

8   September 13, 2012.  Tr. 58.

9                                              **ISSUES**

10          The question presented is whether substantial evidence supports the ALJ's

11   decision denying benefits and, if so, whether that decision is based on proper legal

12   standards.  Plaintiff contends the ALJ erred by (1) failing to consider Plaintiff's

13   sworn statement offered in lieu of testimony; (2) failing to properly consider

14   opinions from treating and examining providers; (3) failing properly consider

15   limitations identified by a state agency psychological consultant; and (4) failing to

16   properly consider Plaintiff's credibility.

17                                          **DISCUSSION**

18   **A.      Plaintiff's Sworn Statement**

19          Plaintiff argues that the ALJ erred by failing to consider Plaintiff's sworn

20   statement provided in lieu of live testimony at the hearing.  ECF No. 18 at 5-8.

21          A claimant's statements regarding his impairments, restrictions, daily

22   activities, efforts to work, and other statements made to medical sources, in

23   interviews, on applications, in letters, or as testimony are considered a part of the

24   body of evidence the ALJ considers in making a disability determination.  20 CFR

25   §§ 404.1512(b), 416.912(b).  In his decision, the ALJ need not discuss all the

26   evidence presented; he must only explain why significant probative evidence was

27   rejected.  *Vincent O.B.O. Vincent v. Heckler*, 739 F.2d 1393, 1394-1395 (9th Cir.

28   1984).

ORDER GRANTING PLAINTIFF'S MOTION . . . - 5

1    At the June 29, 2012, hearing, the ALJ and Plaintiff's counsel spoke off the

2    record, and it was determined that Plaintiff would not testify due to an illness

3    preventing him from speaking.  Tr. 67-68.  The ALJ stated at the hearing, that he

4    would allow Plaintiff's counsel an opportunity to submit a written statement in lieu

5    of testimony and left the record open for twenty days for such a statement to be

6    submitted.  Tr. 68, 90-91.  On July 16, 2012, prior to the twenty day deadline,

7    Plaintiff's counsel requested the record be left open for an additional twenty days

8    for Plaintiff's statement.  Tr. 187.  The record is void of any response from the

9    hearing office or the ALJ.  On August 3, 2012, Plaintiff's counsel made another

10   request that the file be left open for an additional ten days for Plaintiff's statement

11   and that the ALJ hold the case so that it could be consolidated with a former

12   application that was being decided at Federal Court.  Tr. 188.  Again, the record is

13   silent as to a response from the hearing office or the ALJ.  On August 7, 2012,

14   Plaintiff submitted his sworn statement.  Tr. 189-191.  On September 13, 2012, the

15   ALJ made an unfavorable decision in the case, and the official List of Exhibits

16   attached to the decision included Plaintiff's August 7, 2012, sworn statement, titled

17   "Representative Correspondence" in the Jurisdictional Documents/Notices section.

18   Tr. 60-61.  While it was included in the record, the text of the ALJ's decision is

19   void of any reference to the August 7, 2012, sworn statement.  Tr. 44-59.

20   While the ALJ was not required to discuss all of the evidence in the record,

21   Plaintiff's statement intended to replace his testimony is probative evidence.

22   Considering the ALJ essentially rejected Plaintiff's statements, finding them less

23   than fully credible, he should have made that determination considering Plaintiff's

24   statement in lieu of testimony.  While Defendant admits that the ALJ failed to cite

25   Plaintiff's sworn statement in his decision, she argues that the ALJ addressed the

26   substance of Plaintiff's sworn statement in his rejection of Plaintiff's partner's

27   statements because the two statements were similar.  ECF No. 26 at 12.  This is

28   unconvincing as a lay witnesses testimony can be rejected for germane reasons,

ORDER GRANTING PLAINTIFF'S MOTION . . . - 6

1   *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993), while a claimant's statements

2   can only be rejected for specific, clear and convincing reasons, *Smolen v. Chater*,

3   80 F.3d 1273, 1281 (9th Cir. 1996), which is a much more difficult standard to

4   meet, *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014).  Therefore, a

5   rejection of a lay witness statements does not equate to a rejection of Plaintiff's

6   statements.

7        Defendant also argues that the ALJ did consider Plaintiff's sworn statements

8   and also considered Plaintiff's December 2010 Function Report and statements he

9   made to providers.  ECF No. 26 at 13.  The ALJ did address Plaintiff's Function

10  Report and statements to his providers, and the ALJ relied on these to determine

11  that Plaintiff's statements concerning the intensity, persistence and limiting effects

12  of his symptoms were not credible.  Tr. 49-54.  However, the record does not

13  support the conclusion that the ALJ considered Plaintiff's sworn statement.  The

14  ALJ failed to address the August 7, 2012, statement in his decision.  Furthermore,

15  the statement was placed in the "Jurisdictional Documents/Notices" section of the

16  record.  Tr. 60-61.  According to HALLEX I-2-1-15, this section is intended for

17  initial determinations, requests for reconsidering, requests for hearing, cessation

18  notices, initial notices of overpayment, notices of withdrawal of representatives,

19  waivers of right to appear, and other such documents.  This section is not intended

20  to contain evidence as defined in 20 CFR §§ 404.1512(b), 416.912(b).  Instead,

21  forms completed by a claimant and a claimant's statements are generally exhibited

22  in the "Disability Related Development and Documentation" section.  HALLEX I-

23  2-1-15.  In fact, Plaintiff's statements considered by the ALJ in his determination

24  were contained in this section and in the "Medical Records" section.  Tr. 49-51,

25  61-64.  Therefore, the statement's location in the record further supports the

26  conclusion that the ALJ failed to consider it in making his determination.

27        Here, the ALJ erred in failing to address Plaintiff's sworn statement in his

28  decision.  Therefore, the case is remanded for additional proceedings for the ALJ

1  to consider and address the statement.  Furthermore, the ALJ is instructed to take

2  additional testimony to update the record and clarify any statements already

3  contained in the record, either in the Function Report, the sworn statement, or

4  Plaintiff's statements to medical providers.

5      While the Court is remanding this based on the ALJ's failure to consider the

6  sworn statement, it does not agree with Plaintiff that the ALJ's error rises to the

7  level of a violation of due process.  ECF No. 18 at 7-8.  Plaintiff was represented

8  by counsel, appeared at a hearing, was able to cross examine witnesses, and had an

9  opportunity to testify.  This is not comparable to a situation where the ALJ refused

10 to allow a claimant to testify at a hearing, as Plaintiff suggests, ECF No. 18 at 7,

11 but is an example of an ALJ failing to properly consider the evidence in his

12 decision.

**B.    Medical Opinions**

14     Plaintiff challenges the weight given to the opinions of Jose Perez, M.Ed.,

15 Dr. Rodenburger, M.D., and Edward Liu, ARNP.  ECF No. 18 at 8-16.

16     In weighing medical source opinions, the regulations recognize the

17 difference between acceptable medical sources and non-acceptable medical

18 sources.  20 C.F.R. §§ 404.1513, 416.913.  Generally, the ALJ should give more

19 weight to the opinion of an acceptable medial source, such as licensed physicians

20 and psychologists, than to the opinion of an "other source," which includes non-

21 acceptable medical sources such as therapists and nurse-practitioners.  20 C.F.R.

22 §§ 404.1513(d), 416.913(d).  An ALJ is required, however, to consider evidence

23 from "other sources," 20 C.F.R. §§ 404.1513(d), 416.913(d); S.S.R. 06-03p, "as to

24 how an impairment affects a claimant's ability to work," *Sprague*, 812 F.2d at

25 1232.  An ALJ must give "germane" reasons to discount evidence from "other

26 sources." *Dodrill*, 12 F.3d at 919.

**1.    Jose Perez, M.Ed., and Dr. Rodenburger, M.D.**

28     The record contains a Psychological/Psychiatric Evaluation form for the

Washington State Department of Social and Health Services, which is signed by Mr. Perez and Dr. Rodenburger and dated July of 2010.  Tr. 319-324.  This form includes the opinion that Plaintiff has a marked limitation in one mental ability and a moderate limitation in five mental abilities.  Tr. 322.  The ALJ gave this form "little weight" because the marked limitation was based on Plaintiff's subjective reports, which the ALJ deemed to be unreliable.  Tr. 55.  Considering the case is being remanded for the ALJ to properly consider all of Plaintiff's statements, as discussed above, the ALJ is further instructed to readdress this provider's opinion on remand.

### 2.    Edward Liu, ARNP

Mr. Liu provided his opinion in July 22, 2010, Tr. 330-335, January 11, 2011,[1] Tr. 444-445, June 2011, Tr.449, and July 2011, Tr. 496-497.  The ALJ gave "little weight" to all four opinions because (1) they were based on Plaintiff's self-reports, (2) they were inconsistent with the overall record, including Plaintiff's statements of his activities, and (3) three were opined to last either three or six months.  Tr. 55-56.  Considering two of the three reasons the ALJ provided for rejecting these opinions were related to Plaintiff's statements and the case is being remanded for the ALJ to properly consider Plaintiff's statements, the ALJ is instructed to reconsider these opinions on remand as well.

### C.    State Agency Psychologist

Plaintiff alleges that the ALJ erred by giving great weight to the opinion Rita Flanagan, Ph.D., a state agency psychologist and then failing to include all her opined limitations in the residual functional capacity assessment.  ECF No. 18 at 16-18.

---

[1]In his decision, the ALJ identified this opinion as dated December 2010.  Tr. 55.  The form was dated on the first page as December 1, 2010, but signed by Mr. Liu on January 11, 2011.  Tr. 444-445.

ORDER GRANTING PLAINTIFF'S MOTION . . . - 9

On January 22, 2011, Dr. Flanagan completed a Mental Residual Functional Capacity Assessment (MRFCA) form and a Psychiatric Review Technique form. Tr. 389-414.  On the MRFCA, she checked boxes under section two of the form indicating that Plaintiff was moderately limited in the abilities to maintain attention and concentration for extended periods, to complete a normal work-day and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods, to interact appropriately with the general public, and to get along with coworkers or peers without distracting them or exhibiting behavioral extremes.  Tr. 389-390.  The term moderate is undefined on the form.  Tr. 389-392.  Under section three of the MRFCA form, titled "Functional Capacity Assessment" Dr. Flanagan stated that Plaintiff was capable of multistep tasks, that concentration, persistence, and pace was occasionally impaired secondary to Plaintiff's symptoms, that there were no significant adaptive behaviors, and that "[g]iven her report of difficulty interacting with others, would work best with superficial public and coworker interactions."  Tr. 391.

In his residual functional capacity determination, the ALJ provided the following mental limitations:

> [H]e can perform simple, routine, and repetitive tasks as well as some well-learned multi-step tasks; he can perform occasional decision making; he can occasionally have changes in the work setting; he cannot perform work with fast-pace production requirements; he can have superficial contact with the general public, coworkers, and supervisors, but he cannot work in close cooperation or coordination with others; he is limited to a small group setting.

Tr. 48.

Plaintiff argues that the term moderate is equivalent to a "significant interference" and when the vocational expert was given a hypothetical that included the mental limitations addressed by Dr. Flanagan in section two of the

MRFCA form with this moderate definition, the vocational expert testified there were no jobs that individual could perform.  Tr. 87-88.

Plaintiff's argument is unconvincing.  First, the term moderate is undefined.  Therefore, supplying a definition after the fact, which the medical consultant did not have before her when completing the form, is insufficient to support such a finding of disability.  Second, the Program Operations Manual System[2] (POMS) DI 24510.060 details Social Security's Operating Policy as to the MRFCA forms complete by psychological consultants.  According to this POMS provision, the first section of the form, which includes mental function items with limitations ranging from "not significantly limited" to "markedly limited," "is merely a worksheet to aid in deciding the presence and degree of functional limitations and the adequacy of documentation and does not constitute the [residual functional capacity] assessment."  POMS DI 24510.060.  Instead, the actual residual functional capacity assessment is recorded in section three in narrative form, explaining the conclusions indicated in first section.  *Id*.  Therefore, the opined

---

[2]The POMS does not impose judicially enforceable duties on the Court or the ALJ, but it may be "entitled to respect" under *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944), to the extent it provides a persuasive interpretation of an ambiguous regulation. *See Christensen v. Harris Cnty.*, 529 U.S. 576, 587–88, 120 S.Ct. 1655, 146 L.Ed.2d 621 (2000); *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1073 (9th Cir. 2010).  Here, the issue is not determining the meaning of an ambiguous regulation, but instead understanding how to correctly read a form produced and distributed by the Social Security Administration to its medical consultants.  Therefore, by relying on the POMS provision in this case, the Court is not allowing the provision to set a judicially enforceable duty on the ALJ, but only using it as a guide to define the parameters of a medical consultant's opinion on an agency supplied form.

1    residual functional capacity assessment was not the moderate limitations checked

2    off in section one, but the narrative portion set forth in section three.

3            While this case is being remanded for additional proceedings, the Court

4    highlights this POMS provision in hopes that the opinions of medical consultants

5    can properly be identified and considered in supplemental proceedings.

6    **D.    Credibility**

7            Plaintiff contests the ALJ's adverse credibility determination in this case.

8    ECF No. 18 at 18-20.

9            Considering the ALJ failed to consider all of Plaintiff's statements when

10   determining his credibility, the case is remanded for a new determine in accord

11   with S.S.R. 16-3p.

12                                    **REMEDY**

13           The decision whether to remand for further proceedings or reverse and

14   award benefits is within the discretion of the district court.  *McAllister v. Sullivan*,

15   888 F.2d 599, 603 (9th Cir. 1989).  An immediate award of benefits is appropriate

16   where "no useful purpose would be served by further administrative proceedings,

17   or where the record has been thoroughly developed," *Varney v. Secretary of Health*

18   *& Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused

19   by remand would be "unduly burdensome," *Terry v. Sullivan*, 903 F.2d 1273, 1280

20   (9th Cir. 1990).  *See also Garrison*, 759 F.3d at 1021 (noting that a district court

21   may abuse its discretion not to remand for benefits when all of these conditions are

22   met).  This policy is based on the "need to expedite disability claims."  *Varney*,

23   859 F.2d at 1401.  But where there are outstanding issues that must be resolved

24   before a determination can be made, and it is not clear from the record that the ALJ

25   would be required to find a claimant disabled if all the evidence were properly

26   evaluated, remand is appropriate.  *See Benecke v. Barnhart*, 379 F.3d 587, 595-96

27   (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

28           In this case, it is not clear from the record that the ALJ would be required to

find Plaintiff disabled if all the evidence were properly evaluated.  Further

proceedings are necessary for the ALJ properly address Plaintiff's statements,

supplement such statements through additional testimony, properly evaluate

medical source opinions in light of Plaintiff's statements, and evaluate the intensity

and persistence of Plaintiff's symptoms to determine how his symptoms limit his

ability to perform work-related activities under S.S.R. 16-3p.  The ALJ is to

evaluate any testimony offered by Plaintiff and call a psychological expert and a

vocational expert to testify at a supplemental hearing.

### CONCLUSION

Accordingly, **IT IS ORDERED:**

1.      Defendant's Motion for Summary Judgment, **ECF No. 26**, is

**DENIED**.

2.      Plaintiff's Motion for Summary Judgment, **ECF No. 18**, is

**GRANTED**, and the matter is **REMANDED** to the Commissioner for additional

proceedings consistent with this Order.

3.      Application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy

to counsel for Plaintiff and Defendant.  **Judgment shall be entered for Plaintiff**

and the file shall be **CLOSED**.

DATED September 19, 2016.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING PLAINTIFF'S MOTION . . . - 13